UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ROBERT RIVERA,

                                        Plaintiff,

                                                        <u>DECISION AND ORDER</u>

                                                        08-CV-6505L

                      v.

BRIAN FISCHER,
LUCIEN J. LECLAIRE,
JAMES CONWAY,
DONALD K. MC CLELLAN,
GARY J. PRITCHARD,
LEONARD R. JANORA,
TIMOTHY J. EBERT,
individually and in their official capacities,


                                         Defendants.
_____

      Plaintiff, Robert Rivera, appearing *pro se*, commenced this action pursuant to 42 U.S.C. § 1983. Plaintiff, an inmate in the custody of the New York State Department of Correctional Services ("DOCS"), has sued seven DOCS officials and employees, alleging that defendants violated plaintiff's constitutional rights in a number of respects during 2008, while plaintiff was confined at Attica Correctional Facility.

      Three of the defendants–DOCS Commissioner Brian Fischer, Deputy Commissioner Lucien Leclaire, Jr., and Attica Superintendent James Conway (collectively "the moving defendants")–have

moved to dismiss the claims against them pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons that follow, defendants' motion is granted in part and denied in part.

## DISCUSSION

**I. Motions to Dismiss under Rule 12(b)(6)**

Rule 12(b)(6) motions are now analyzed under a slightly different standard than they were prior to the Supreme Court's decision in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Prior to *Twombly*, courts would generally deny a motion to dismiss if there was "any set of facts" consistent with the allegations of the complaint that would entitle the plaintiff to relief. *See*, *e.g.*, *Hill v. City of New York*, 45 F.3d 653, 657 (2d Cir. 1995); *Gilmore v. University of Rochester*, 410 F.Supp.2d 127, 131 (W.D.N.Y. 2006).

In *Twombly*, however, the Supreme Court declared that the "any set of facts" standard had "earned its retirement." 550 U.S. at 563. The Court explained that to defeat a motion to dismiss, "a plaintiff's obligation ... requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555 (citations omitted).

Thus, where a plaintiff "ha[s] not nudged [his] claims across the line from conceivable to plausible, [his] complaint must be dismissed." *Id.* at 570. A "plausible" entitlement to relief exists, then, when the allegations in the complaint move the plaintiff's claims across the line separating the

"conclusory" from the "factual," and the "factually neutral" from the "factually suggestive." *Id.* at 557 n. 5.

"[T]his plausibility standard governs claims brought even by *pro se* litigants." *Robles v. Bleau*, No. 9:07-CV-0464, 2008 WL 4693153, at *5 (N.D.N.Y. Oct. 22, 2008) (citing *Jacobs v. Mostow*, 271 Fed.Appx. 85, 87 (2d Cir. 2008), and *Boykin v. KeyCorp*, 521 F.3d 202, 215-16 (2d Cir. 2008)). At the same time, however, the Court is mindful that even after *Twombly*, a "document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Boykin*, 521 F.3d at 214. Nevertheless, all pleadings, *pro se* or otherwise, must contain enough factual allegations to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89 (2007)) (additional internal quotation marks omitted). With these standards in mind, I turn to the claims asserted in the complaint and to defendants' motion.

## II. Personal Involvement

The moving defendants contend that the claims against them should be dismissed because the complaint does not allege facts plausibly showing that they were personally involved in the alleged constitutional violations.

A plaintiff asserting a § 1983 claim against a supervisory official in his individual capacity must allege that the supervisor was personally involved in the alleged constitutional deprivation. *Johnson v. Newburgh Enlarged Sch. Dist.*, 239 F.3d 246, 254 (2d Cir. 2001); *Gaston v. Coughlin*, 249 F.3d 156, 164 (2d Cir. 2001). That requirement may be satisfied by alleging facts showing that:

(1) the defendant participated directly in the alleged constitutional violation; (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong; (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom; (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts; or (5) the defendant exhibited deliberated indifference to others' rights by failing to act on information indicated that constitutional acts were occurring. *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995); *Williams v. Smith*, 781 F.2d 319, 323-24 (2d Cir. 1986).

In the case at bar, plaintiff does not appear to allege that any of the moving defendants personally participated in the alleged violations. Rather, he alleges that they were made aware of those violations, mostly through letters from plaintiff, and that they ignored or failed to remedy the underlying wrongs.

"Numerous courts have held that merely writing a letter of complaint does not provide personal involvement necessary to maintain a § 1983 claim." *Candelaria v. Higley*, No. 04-CV-277, 2008 WL 478408, at *2 (W.D.N.Y. Feb. 19, 2008) (citing cases). That does not necessarily mean, however, that a plaintiff can never establish a defendant's personal involvement based on the fact that the plaintiff wrote to that defendant about the alleged violations. There may be situations in which a supervisory official's receipt and review of a letter of complaint will, in combination with other factors, give rise to the official's personal involvement in the matters complained of.

The general rule is that if an official receives a letter from an inmate and passes it on to a subordinate for response or investigation, the official will not be deemed personally involved with

respect to the subject matter of the letter. *See Sealey v. Giltner*, 116 F.3d 47, 51 (2d Cir. 1997). If, however, the official does personally look into the matters raised in the letter, or otherwise acts on the prisoner's complaint or request, the official may be found to be personally involved. *See, e.g., Charles v. New York State DOCS*, No. 07-CV-1274, 2009 WL 890548, at *6 (N.D.N.Y. Mar. 31, 2009) ("Basically, the cases make clear that the determination of personal involvement based on a letter of complaint to a supervisor ... often depends upon the contents of the letter and whether the supervisor referred the letter to a subordinate officer or whether the supervisory official investigated and decided the issue him or herself"); *Anderson v. Ford*, No. 06CV1968, 2007 WL 3025292, at *7 (D.Conn. Oct. 16, 2007) ("Personal involvement will be found ... where a supervisory official receives and acts on a prisoner's grievance or otherwise reviews or responds to a prisoner's complaint"); *Garvin v. Goord*, 212 F.Supp.2d 123, 126 (W.D.N.Y. 2002) ("[W]here a commissioner's involvement in a prisoner's complaint is limited to forwarding of prisoner correspondence to appropriate staff, the commissioner has insufficient personal involvement to sustain a § 1983 cause of action").

In the case at bar, the facts alleged in the complaint do not indicate that Commissioner Fischer or Deputy Commissioner Leclaire was personally involved in any of the alleged constitutional violations. The complaint, and its accompanying exhibits, indicate that when plaintiff sent letters to Fischer, Fischer consistently referred them to Deputy Commissioner Leclaire, who passed them on to his staff or to Superintendent Conway. Leclaire would then respond to plaintiff

based on the report that had been given to Leclaire by the person to whom the matter had been referred.  *See* Complaint Exs. G, M.[1]

Such allegations are insufficient to establish the personal involvement of Fischer or Leclaire. *See Vega v. Artus*, 610 F.Supp.2d 185, 199 (N.D.N.Y. 2009) (stating that facility superintendent's act of "referring [plaintiff's] letters to staff for investigation is not sufficient to establish [his] personal involvement," and dismissing plaintiff's claims against superintendent "due to Plaintiff's failure to allege facts plausibly suggesting" superintendent's personal involvement in the alleged constitutional violations) (footnote omitted); *Farid v. Goord*, 200 F.Supp.2d 220, 235 (W.D.N.Y.2002) (dismissing claims of personal involvement against supervisory official who merely sent grievances "down the chain of command for investigation").

As to Conway, however, the allegations of the complaint indicate that he did take some steps to look into plaintiff's various complaints, based on letters that he received either from plaintiff directly or that were passed on to him by Leclaire.  Although I make no finding at this point concerning whether plaintiff will ultimately be able to establish Conway's personal involvement, I conclude that he has alleged enough at this stage to at least survive a motion to dismiss.  *See Charles*, 2009 WL 890548, at *6-*7 (denying motion to dismiss claims against supervisory officials where plaintiff alleged that officials actually investigated matters raised by plaintiff in his letters to the officials, and that they responded to plaintiff based on results of their investigations).

---

[1]In deciding a motion to dismiss under Rule 12(b)(6), the court may consider not only the complaint itself, but also any documents attached to the complaint.  *Livecchi v. United States*, 574 F.Supp.2d 321, 323 (W.D.N.Y. 2008) (citing *Newman & Schwartz v. Asplundh Tree Expert Co.*, 102 F.3d 660, 662 (2d Cir. 1996)).

**III. Qualified Immunity**

The moving defendants also argue, in the alternative, that plaintiff's claims against them should be dismissed on the ground of qualified immunity. "The doctrine of qualified immunity shields government officials from liability for damages resulting from the performance of discretionary official functions if their conduct 'does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Turner v. Grant*, No. 98-CV-706, 2000 WL 362032, at *6 (W.D.N.Y. 2000) (quoting *Ayers v. Ryan*, 152 F.3d 77, 82 (2d Cir. 1998)).

My finding that plaintiff's claims against Fischer and Leclaire should be dismissed for lack of personal involvement renders it unnecessary for the Court to address their arguments concerning qualified immunity. As to Conway, however, I conclude that he is not entitled to dismissal on qualified immunity grounds at this time.

"Although a defendant may assert the defense of qualified immunity in a motion to dismiss, the Second Circuit has held that it is very difficult for such a defense to succeed at the pleading stage." *Charles*, 2009 WL 890548, at *10 (citing *McKenna v. Wright*, 386 F.3d 432, 436-37 (2d Cir. 2004). "The defense must be based on facts appearing on the face of the complaint." *Charles*, 2009 WL 890548, at *10 (citing *Bezman v. Whitman*, 523 F.3d 119, 125 (2d Cir. 2008)). *See also Bernstein v. City of New York*, No. 06 Civ. 895, 2007 WL 1573910, at *9 (S.D.N.Y. 2007) ("[b]ecause the qualified immunity defense necessarily involves a fact-specific inquiry, '[i]t is generally premature to address the defense of qualified immunity in a motion to dismiss pursuant

to [Rule] 12(b)(6)'") (quoting *Walker v. Mendoza*, No. 00 Civ. 93, 2000 WL 915070, at *7 (E.D.N.Y. June 27, 2000)).

In the case at bar, the allegations of the complaint do not demonstrate as a matter of law that Conway is entitled to qualified immunity from suit. Depending on what evidence is adduced through discovery, dismissal of plaintiff's claims against Conway may be warranted on a properly supported motion for summary judgment, but at this point, dismissal on this basis as to Conway is premature.

## CONCLUSION

The motion to dismiss by defendants Brian Fischer, Lucien Leclaire, Jr., and James Conway (Dkt. #10) is granted in part and denied in part. The motion is granted as to defendants Fischer and Leclaire, and plaintiff's claims against those two defendants are dismissed. In all other respects, the motion is denied.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
September 18, 2009.